[No. A054941. First Dist., Div. One. July 6, 1992.]

THE PEOPLE ex rel. DEPARTMENT OF TRANSPORTATION, Plaintiff and Appellant, v.
RICHARD L. COLE et al., Defendants and Respondents.

## COUNSEL

Charles F. Spencer, Jr., Robert J. DeFea, Richard Covert, Antonio R. Anziano and Lucille Y. Baca for Plaintiff and Appellant.

Rinehart & Amspoker, Gary R. Rinehart and Todd A. Amspoker for Defendants and Respondents.

## OPINION

**DOSSEE, J.**—The trial court dismissed this eminent domain action, finding that the public agency failed to provide the property owners with an adequate written statement of the basis of its offer for the property. The agency contends the court's ruling is erroneous on several grounds.

We find the property owners waived any objection to the adequacy of the written statement provided by the agency, and we reverse the judgment dismissing the action.

### FACTUAL AND PROCEDURAL BACKGROUND

The property to be acquired is part of a larger parcel located in the City of Pleasant Hill and owned by Richard L. Cole and Edythe P. Cole. On October

4, 1990, the Department of Transportation (the Department) offered the Coles $711,000 for the property. Six hundred forty-four thousand dollars of this sum represented the market value of the property, which included the value of one building located on the property and the value of a portion of a second building that was partially on the property. The remaining $67,000 represented the Department's estimate of rehabilitating the second building for future use after its partial demolition. The Department provided the Coles with a written "Appraisal Summary Statement" which set out these figures.

Mr. Cole did not believe the offer was adequate, particularly the $67,000 to rehabilitate the building to be partially demolished. He retained a structural engineer and began the process of applying for building permits with the City of Pleasant Hill. Cole discovered that in order for rehabilitation to be feasible, a larger portion of the building would have to be demolished than contemplated by the Department. He informed the Department of his findings and asked the Department to evaluate the possibility of acquiring the entire building. The Department asked Cole to obtain two or three bids on the project to rehabilitate the building in the manner required by the Pleasant Hill Building Code.

On December 7, the Department mailed to Mr. Cole notice of its intent to obtain a resolution of necessity to acquire the property. The Coles did not appear at the hearing on the matter before the California Transportation Commission (the Commission), and they offered no opposition to the resolution. The resolution was adopted by the Commission on January 23, 1991.

On March 15, Mr. Cole provided the Department with an estimate of $153,405 as the cost to rehabilitate the building.

The Department filed its complaint in eminent domain on April 11, but shortly thereafter the Department offered the Coles $953,500 for the property, an offer which anticipated complete acquisition of the disputed building. The Coles did not accept the offer, and the eminent domain proceedings continued.

The Coles filed a demurrer and an answer to the complaint, and then moved for summary judgment asserting, inter alia, that the appraisal summary statement was inadequate, thus rendering the eminent domain proceedings invalid. The parties stipulated that for purposes of the motion for summary judgment, the court could consider the original complaint as superseded by a first amended complaint. The court granted the motion, finding the appraisal statement did not comply with statutory requirements. The court awarded the Coles their litigation expenses (Code Civ. Proc., § 1268.610) and entered judgment in their favor.

## DISCUSSION

█ The Department contends the Coles waived any objection to the adequacy of the written appraisal statement by failing to object during the administrative proceedings before the Commission.

Before initiating eminent domain proceedings, the governing body of the public entity must adopt a resolution of necessity. (Code Civ. Proc., § 1245.220.) Before adopting a resolution of necessity, the public entity must establish an amount it believes to be just compensation for the property and make an offer to the owner for that amount. (Gov. Code, § 7267.2, subd. (a).) The offer must be accompanied by a written statement of the basis for the amount established as just compensation. (*Ibid.*; see *City of San Jose* v. *Great Oaks Water Co.* (1987) 192 Cal.App.3d 1005, 1011-1013 [237 Cal.Rptr. 845].)[1] The resolution of necessity must contain a declaration "[t]hat either the offer required by Section 7267.2 of the Government Code has been made to the owner or owners of record, or the offer has not been made because the owner cannot be located with reasonable diligence." (Code Civ. Proc., § 1245.230, subd. (c)(4).)

The property owner is entitled to appear before the governing body of the public entity and to be heard on (1) whether the public interest and necessity require the project, (2) whether the project is planned or located in the manner most compatible with the greatest public good and least private injury, and (3) whether the property sought to be acquired is necessary for the project. (Code Civ. Proc., §§ 1245.235, subd. (a), 1240.030.) This right to be heard may be waived by the failure to file a written request to appear and be heard. (Code Civ. Proc., § 1245.235, subd. (b)(3).)

In the instant case, the Commission sent Mr. Cole notice of its intent to adopt a resolution of necessity and his right to appear at a hearing on the matter. The notice informed Cole of his right to object to the adoption of the resolution and, more specifically, his right to object to whether the conditions stated in Code of Civil Procedure section 1240.030 had been met, and whether "[t]he offer required by Section 7267.2 of the Government Code has been made to the owner of record." Both the notice and an accompanying

[1]Government Code section 7267.2, subdivision (a) provides in pertinent part: "Prior to adopting a resolution of necessity pursuant to [Code of Civil Procedure] Section 1245.230 and initiating negotiations for the acquisition of real property, the public entity shall establish an amount which it believes to be just compensation therefor, and shall make an offer to the owner or owners of record to acquire the property for the full amount so established, unless the owner cannot be located with reasonable diligence. . . . The public entity shall provide the owner of real property to be acquired with a written statement of, and summary of the basis for, the amount it established as just compensation. . . ."

cover letter stated that the amount of compensation to be paid would not be an issue at the proceeding.

The Coles did not appear at the hearing or otherwise object to the adoption of the resolution or to the adequacy of the appraisal statement provided by the Department and required by Government Code section 7267.2. (Compare *City of San Jose* v. *Great Oaks Water Co., supra*, 192 Cal.App.3d at pp. 1009-1010 [property owner's attorney appeared at city council meeting and argued written appraisal statement did not comply with Gov. Code, § 7267.2].)

The Coles assert they had no right to be heard on the adequacy of the appraisal statement, but their assertion is contradicted by the notice they received from the Commission which provided that they could dispute whether the offer required by Government Code section 7267.2 had been made. An integral part of the offer is the written appraisal statement, which is a mandatory requirement. (*City of San Jose* v. *Great Oaks Water Co., supra*, 192 Cal.App.3d at pp. 1011-1013.)

While Code of Civil Procedure section 1245.235, subdivision (a) provides that the governing board of the public entity need only give the property owner the opportunity to be heard on the three matters referred to in section 1240.030, the governing body must resolve not only those three matters, but also whether the offer required by Government Code section 7267.2 has been made. (Code Civ. Proc., § 1245.230, subd. (c).)[2] There is no prohibition against the property owner being heard on the latter issue, and here, the Commission notified Mr. Cole that it would hear him on that issue.

The Coles further argue that they were dissuaded from challenging the adequacy of the appraisal statement by the fact that the notice of the Commission hearing and the accompanying cover letter stated they could not

---

[2]Code of Civil Procedure section 1245.230 provides in pertinent part: "In addition to other requirements imposed by law, the resolution of necessity shall contain all of the following:

" . . . . . . . . . . . . . . . . . . . . .

"(c) A declaration that the governing body of the public entity has found and determined each of the following:

"(1) The public interest and necessity require the proposed project.

"(2) The proposed project is planned or located in the manner that will be most compatible with the greatest public good and the least private injury.

"(3) The property described in the resolution is necessary for the proposed project.

"(4) That either the offer required by Section 7267.2 of the Government Code has been made to the owner or owners of record, or the offer has not been made because the owner cannot be located with reasonable diligence."

raise the issue of the amount of compensation.[3] The issue of compensation is distinct from the question of whether the Department complied with Government Code section 7267.2, and that distinction is apparent from the notice of the hearing.

The adequacy of the appraisal statement should have been raised at the administrative hearing, and under these circumstances we conclude the Coles waived their right to judicial review of the statement. (See *Bleeck* v. *State Board of Optometry* (1971) 18 Cal.App.3d 415, 432 [95 Cal.Rptr. 860] ["Before seeking judicial review a party must show that he has made a full presentation to the administrative agency upon all issues of the case and at all prescribed stages of the administrative proceedings."].)

The purpose of Government Code section 7267.2 is to facilitate the acquisition of private property for public use without resorting to litigation. (See Gov. Code, § 7267.)[4] If the Coles thought the appraisal statement provided by the Department inadequate, they should have raised the issue before the Commission to solicit correction at that time and possibly avoid court proceedings. The Coles' late objection serves no purpose other than to delay the eminent domain proceedings. The trial court erred in granting summary judgment.

The judgment dismissing the action and awarding the Coles their litigation expenses is reversed. The Coles, however, are entitled to recover their costs on appeal pursuant to Code of Civil Procedure section 1268.720.

Newsom, J., concurred. Strankman, P. J., concurred in the result only.

A petition for a rehearing was denied August 4, 1992, and respondents' petition for review by the Supreme Court was denied October 1, 1992. Kennard, J., Arabian, J., and Baxter, J., were of the opinion that the petition should be granted.

---

[3]At oral argument before this court, the Coles pointed out that the cover letter, prepared by the right-of-way agent, informed Mr. Cole that he could "raise questions concerning public interest, necessity, and location of the project as it affects [his] property," but that the letter said nothing about raising questions regarding the Government Code section 7267.2 offer. While true, we fail to see how this omission contradicts or cancels the language in the notice itself regarding the section 7267.2 offer.

[4]Government Code section 7267 provides in pertinent part: "In order to encourage and expedite the acquisition of real property by agreements with owners, to avoid litigation and relieve congestion in the courts, to assure consistent treatment for owners in the public programs, and to promote public confidence in public land acquisition practices, public entities shall, to the greatest extent practicable, be guided by the provisions of Sections 7267.1 to 7267.7, inclusive . . . ."